**In re Leonard Stuart LEVY, Debtor.**

**In re JARNEL FINANCIAL SERVICES, LTD., Debtor.**

**Bankruptcy Nos. 84 B 20299, 84 B 20300.**

United States Bankruptcy Court, S.D. New York.

Aug. 23, 1988.

See also, Bkrtcy., 54 B.R. 805.

**390**

Barbara Balaber–Strauss, New York City, trustee.

Hahn & Hessen, New York City, for trustee.

Gibson, Dunn & Crutcher, New York City, for Bateman Eichler, Hill Richards Inc.

Kaplan, Kilsheimer & Foley, New York City, for Wilma Rajcher Levy.

## DECISION ON MOTION TO CONSIDER PROPOSED SETTLEMENT BETWEEN TRUSTEE AND BATEMAN EICHLER

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy of Leonard Stuart Levy and Jarnel Financial Services, Ltd. has moved for an order approving the settlement of an action against a stock brokerage firm, Bateman Eichler, Hill Richards, Inc. ("Bateman Eichler"), which is one of the various defendants sued by the trustee for having allegedly defrauded the debtors by inducing them to purchase the stock of Information Displays, Inc. ("IDI"). Shortly after the purchase, the debtors discovered that the assets of the company they purchased, together with its products and potential, were not what they were led to believe and that, in fact, IDI's computer systems were not marketable and its backlog of orders were fictitious. IDI also filed for bankruptcy relief. The debtor, Leonard Levy, and his wife, Dr. Wilma Rajcher Levy, object to the settlement with Bateman Eichler. They argue that Bateman Eichler aided and abetted the other defendants in the lawsuit by their reckless negligence in recommending the Levy's purchase of the IDI stock without independently investigating the facts and in merely accepting the word of IDI's former management, who are also defendants in the trustee's securities fraud action, together with the accounting firm of Ernst & Whinney, the underwriting firm, Oppenheimer & Co. and others.

### FACTS

1. On July 13, 1984, Levy, Jarnel and IDI filed with this court petitions for relief under Chapter 11 of the Bankruptcy Code. By order of this court dated September 6, 1984, these cases were ordered to be jointly administered pursuant to 11 U.S.C. § 1015.

2. In February of 1984, the debtors commenced a securities fraud action in the United States District Court for the Southern District of New York against various defendants, including Bateman Eichler, which included in its answer six counterclaims against the debtors, alleging damages in excess of $1,260,000.

3. By order of this court dated February 26, 1988, the debtors' Chapter 11 cases were converted to Chapter 7 of the Bankruptcy Code because the debtors were unable to effect a plan of reorganization. After the trustee in bankruptcy was appointed by the United States trustee, she retained as her attorneys the firm that previously represented the general unsecured creditors committee.

4. Bateman Eichler was listed in Levy's schedules as having a disputed, unsecured claim in the amount of $1,248,644.00. Bateman Eichler filed a secured claim against Levy in the amount of $1,294,203.28 and a secured claim against Jarnel in the amount of $61,328.25.

5. The trustee alleges that she has been advised by her special litigation counsel, Polstein, Ferrara & Campriello, that the chances of prevailing against Bateman Eichler in the securities fraud action are not as strong as against the other defendants, and maintaining Bateman Eichler as a defendant in the action may only detract from the trustee's case against the various other

defendants. The trustee states that the evidence against the other defendants in the securities fraud action is compelling. Therefore, the trustee and Bateman Eichler have entered into an agreement pursuant to which the trustee would dismiss with prejudice her securities fraud action against Bateman Eichler without costs. In exchange, Bateman Eichler agreed to dismiss with prejudice its counterclaims against the debtors, Levy and Jarnel, and to withdraw its secured claims filed against them.

6. The trustee maintains that this settlement is in the best interests of the debtors' estates as it will simplify the securities fraud action, thereby enhancing the trustee's probability of success against the remaining defendants in that action. The trustee also states that as a result of the settlement, the secured claims against the debtors would be reduced by a total of $1,355,531.53.

7. The trustee's special counsel testified in support of the proposed settlement and said that the creditors of this estate stood a better chance of maximizing any recovery against the defendants in the securities fraud action by eliminating the counterclaim issues directed by Bateman Eichler against the debtors and by reducing the claims against these estates by the withdrawal of the Bateman Eichler secured claims against Levy and Jarnel. He further testified that the settlement with Bateman Eichler would not reduce the damage claim asserted by the trustee in the securities fraud action and that the same multi-million dollar claim now asserted by the trustee would simply be focused against the remaining defendants who allegedly perpetrated the fraud, as contrasted with the claim against Bateman Eichler for having allegedly aided and abetted the fraud by their reckless negligence in recommending the IDI stock to the Levys and Jarnel upon the misrepresentations of the other defendants and without having any independent investigation.

8. The debtor's wife, Dr. Wilma Rajcher Levy, who resides in Corona del Mar, California and is a 50% owner of Jarnel, testi-

fied that Bateman Eichler played an essential role in creating an aura of prosperity for what was a fraudulent scheme, supported by fraudulent financial reports and by reckless, negligent research reports written by technical analysts which led to the illusion that IDI was a successful company. She maintains that Bateman Eichler raised millions of dollars without fully investigating with sufficient due diligence what was produced with the money raised from its clients and that Bateman Eichler's representatives simply talked to IDI's former president and failed to perform an adequate investigation of the company.

9. Dr. Levy contends that Bateman Eichler, Oppenheimer & Co. and Ernst and Whinney all gave legitimacy to IDI and fortified the image that it was a solid company with a state of the art product, all of which she says was false. Dr. Levy testified that it was from Bateman Eichler's representative, Mr. Tom Bergin, that Mr. Levy was first introduced to the idea of purchasing the IDI company. Mr. Bergin then introduced Mr. Levy to Bateman Eichler's technical analyst, Mr. Kapka, who assured Mr. Levy that IDI had excellent software of between twenty and fifty million dollars in value, that it had good sales of a new generation CAD/CAM system, that the company had developed a solid produce base and that orders were strong for the new system.

10. Dr. Levy reasons that the securities fraud suit against all the defendants constitutes one complete production and that if one of these leading players in the production, namely Bateman Eichler, is omitted as a defendant, the entire scheme will not appear complete to the jury, because all of the participants must appear in order for the jury to see the entire picture.

## DISCUSSION

Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises or settlements. The decision to approve a settlement or compromise lies within the discretion of the court based upon what is right and equitable under the circumstances. The settlement must be fair and eq-

uitable in that senior interests are entitled to full priority over junior interests. *SEC v. American Trailer Rentals Co.*, 379 U.S. 594, 85 S.Ct. 513, 13 L.Ed.2d 510 (1965). That determination must be based upon the "informed independent judgment of the bankruptcy court." *Protective Committee v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968). The court must be sensitive to the interests of creditors and must be assured that the settlement does "not impose an unfair detriment on creditors ...". *U.S. v. Aweco, Inc.* (*In re Aweco*), 725 F.2d 293, 300 (5th Cir.1984). Moreover, the settlement must fall within the reasonable range of litigation possibilities. *Anaconda–Ericsson, Inc. v. Hessen* (*In re Teltronics, Inc.*), 762 F.2d 185, 189 (2d Cir.1985); *Cosoff v. Rodman* (*In re W. T. Grant Company*), 699 F.2d 599, 608 (2d Cir.1983), *cert. denied* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983); *Barry v. Smith* (*In re New York, New Haven and Hartford Railroad Co.*), 632 F.2d 955, 960 (2d Cir.1980), *cert. denied* 449 U.S. 1062, 101 S.Ct. 786, 66 L.Ed.2d 605 (1980). In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:

(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir.1986); *cert. denied* 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1987); *In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir.1984), *cert. denied* 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985).

In the instant case the trustee and her counsel, who formerly represented the creditors committee believe that it is in the best interests of the estate to eliminate a disputed, secured counterclaim of $1,294,-203.28 against the debtor, Leonard Levy, and to eliminate a disputed secured counterclaim of $61,328.25 against the debtor, Jarnel, in exchange for dropping Bateman Eichler as a defendant and pursuing the securities fraud suit against other defendants. This proposed discontinuance against Bateman Eichler would not reduce the trustee's damage claim, which would remain at the same level, and would be sought from the other defendants against whom the trustee's special counsel believes a stronger case may be established. The Chapter 7 debtor, Leonard Levy and his wife, Dr. Wilma Rajcher Levy, who has not filed any claims as a creditor, oppose the settlement on the ground that Bateman Eichler aided and abetted the other defendants in the alleged securities fraud and recommended the IDI stock to the Levys and Jarnel.

The trustee's special litigation counsel testified that the probability of success in the litigation against the other defendants was greater without the Bateman Eichler counterclaim against Leonard Levy; the expense and delay in defending against the counterclaim would detract from the damages recoverable against the other defendants and the paramount interests of the creditors and a deference to their interests, as reflected by the trustee's position, justified the settlement. Additionally, the estates would retain the same level of damages claimed against the other defendants and would, at the same time, reduce the estates' vulnerability to Bateman Eichler's disputed, secured claims which exceeded $1.3 million. The objections by the debtor and his wife do not warrant jeopardizing the creditors' potential recovery, especially when it does not appear that there will be any surplus available to the debtors after any distribution to the creditors.

In light of the facts presented to the court, it follows that the settlement proposed by the trustee is in the best interests of these estate and it will be approved.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A).

2. The trustee's motion for an order for the settlement of her action against the Bateman Eichler firm, involving the discontinuance of her action against them in exchange for their discontinuance, with prejudice, of their disputed counterclaims against these estates, is approved.

SETTLE ORDER on notice.